UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-131-RJC-DCK

| | |
|---|---|
| **TORNELLO FONTAINE, pierce el-bey** ) <br> **Grantor Washitaw de Dugdahmoundyah** ) <br> **Muur's Grantor / In Propria Persona,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CITY OF CHARLOTTE,** ) <br> **CHARLOTTE MECKLENBURG POLICE** ) <br> **DEPARTMENT, T. BOBREK, and** ) <br> **JOHN DOE,** ) <br> ) <br> **Defendants.** ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendants City of Charlotte, Charlotte-Mecklenburg Police Department ("CMPD"), CMPD Officer T. Bobrek's ("Bobrek") Motion to Dismiss, (Doc. No. 9), the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court grant Defendants' motion, (Doc. No. 15), Plaintiff Tornello Fontaine Pierce El-Bey's ("Plaintiff") objections to the M&R, (Doc. No. 19), Plaintiff's Subpoena Duces Tecum, (Doc. No. 13), Plaintiff's Motion for Summary Judgment, (Doc. 18), Plaintiff's Letter Rogatory for Relief, (Doc. No. 20), and Plaintiff's Writ of Error Quae Coram Nobis Residant, (Doc. No. 21).

**I.     STANDARD OF REVIEW**

The district court has authority to assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations

to which objection is made." Id.; Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Where a party fails to object to the Magistrate Judge's M&R, the district court may accept, reject, or modify the M&R without explanation. Camby, 718 F.2d at 199.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2

## II. BACKGROUND

The Court adopts the M&R's factual history because Plaintiff has not specifically objected to the Magistrate Judge's account of the background in this case. See (Doc. No. 15 at 1-2). Plaintiff filed this action following a traffic stop in which the officer confiscated his allegedly "fictitious" license plate. (Id.). Defendants moved to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted. (Doc. No. 9). The Magistrate Judge recommended that this Court grant Defendants' motion. (Doc. No. 15).

## III. ANALYSIS

### A. Defendants' Motion to Dismiss

Plaintiff filed a document which the court liberally construes as an objection to the M&R. (Doc. No. 19). In this document, Plaintiff challenges: (1) the authority of the Magistrate Judge; (2) the Magistrate Judge's conclusion that CMPD is incapable of being sued; (3) the Magistrate Judge's conclusion that Plaintiff "is a motorists [sic];" (4) the registration requirement for his vehicle; (5) the Magistrate Judge's reference to the "Washitaw Empire"; (6) the Magistrate Judge's account of Plaintiff's parallel case in the Middle District of North Carolina; (7) the Magistrate Judge's characterization of Plaintiff as a "sovereign citizen;" and (8) the Magistrate Judge's failure to issue an injunction of some kind.

After reviewing the parties' briefs, Plaintiff's complaint, and the Magistrate Judge's M&R, the Court finds no clear error in the other portions of the Magistrate Judge's M&R, to which Plaintiff did not object. Therefore, the Court adopts those portions of the Magistrate Judge's M&R and ultimately dismisses Plaintiff's complaint for failure to state a claim.

The Magistrate Judge had authority to issue the M&R in this case pursuant to 28 U.S.C. § 636(b)(1)(B). See also (Doc. No. 7). Plaintiff's first objection is overruled.

The Magistrate Judge ruled that the CMPD is not a proper defendant. (Doc. No. 15 at 5). "A federal court looks to the law of the state in which the district court sits to determine the capacity of a state governmental body to be sued in federal court." London v. Hamilton, No. 3:95-cv-347, 1996 WL 942865, at *8 (W.D.N.C. Nov. 27, 1996) (citing Avery v. Cnty. of Burke, 660 F.2d 111, 114 (4th Cir. 1981)). Under North Carolina law, city police departments are not amenable to suit. McPherson v. First Citizens Nat'l Bank, 240 N.C. 1 (1954). Plaintiff's objection is overruled.

The Magistrate Judge did not err in characterizing Plaintiff as a motorist. Plaintiff alleged that he "was traveling on the common byways, via private car/automobile, causing harm to no human. When Defendant-C comes up behind [sic] turns on lights." Under his own allegations Plaintiff was a motorist. Plaintiff's objection is overruled.

Plaintiff asserts that his vehicle did not need a valid license plate because North Carolina law allows a vehicle to be sold without a transfer and delivery of a certification of registration of title. (Doc. No. 19 at 5). Plaintiff is wrong. North Carolina law requires motor vehicle owners to obtain a valid registration plate. N.C. GEN. STAT. § 20-52.

Neither the Magistrate Judge's references to the "Washitaw Empire," "Moorish Nation," and sovereign citizens, nor his analysis of Plaintiff's case in the Middle District of North Carolina affect the sufficiency of Plaintiff's claims. These objections are overruled.

Plaintiff's objection to the Magistrate Judge's failure to issue an injunction is unwarranted. Because Plaintiff has failed to state a claim upon which relief can be granted, he is not entitled to relief of any kind.

B.   Plaintiff's motions

Plaintiff has filed a myriad of documents, which the Court liberally construes as motions.

But the Court dismisses Plaintiff's complaint for his failure to state a claim upon which relief can be granted. Therefore, his other filings are dismissed as moot. See (Doc. Nos. 13; 18; 20; 21).

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

    1.    The Magistrate Judge's M&R, (Doc. No. 15), is **ADOPTED**;

    2.    Defendants' Motion to Dismiss, (Doc. No. 9), is **GRANTED**;

    3.    Plaintiff's complaint, (Doc. No. 1), is **DISMISSED**; and

    3.    Plaintiff's motions, (Doc. Nos. 13; 18; 20; 21), are **DISMISSED as moot.**

Signed: October 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge